**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Leslie KEKAHUNA, Defendant—
Appellant.**

**No. 05–10141.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 13, 2006.

Decided July 13, 2006.

Thomas C. Muehleck, AUSA, USH—Office of the U.S. Attorney, Honolulu, HI, for Plaintiff-Appellee.

Glenn Bettencourt, Law Office of Glenn Bettencourt, Esq., Honolulu, HI, for Defendant–Appellant.

Before B. FLETCHER, PREGERSON, and CANBY, Circuit Judges.

MEMORANDUM *

Defendant–Appellant Leslie Kekahuna was charged along with nine other defendants of conspiracy to distribute and possess with intent to distribute methamphet-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

amine in excess of fifty grams. Defendant pled guilty to all four counts charged against him, and the district court accepted Defendant's plea. Kekahuna appeals his conviction, claiming that the district court abused its discretion when it denied his motion to withdraw his guilty plea. The facts of this case are known to the parties and we do not recite them here.

## I. Withdrawal of Guilty Plea

Kekahuna contends that the district court abused its discretion when it denied his motion to withdraw his guilty plea. Federal Rule of Criminal Procedure 11(d)(2)(B) provides that a defendant may withdraw a guilty plea prior to sentencing if the defendant shows "a fair and just reason for requesting the withdrawal." This circuit provides that "the 'fair and just reason' standard 'is applied liberally.' " *United States v. Garcia*, 401 F.3d 1008, 1011 (9th Cir.2005) (quoting *United States v. Ortega–Ascanio*, 376 F.3d 879, 883 (9th Cir.2004)).

Kekahuna asserts two allegedly "fair and just" reasons in support of his motion to withdraw. First, he claims that the district court engaged in an inadequate Rule 11 colloquy during the change of plea hearing. Second, Kekahuna claims that changes in sentencing law that occurred after his guilty plea constituted "intervening circumstances or any other reason for withdrawing the plea that did not exist when [he] entered his plea."

### A. Kekahuna's Plea Colloquy Was Sufficient Under Rule 11

1. The district court informed Kekahuna of his right to a jury determination of drug quantity.

■ Kekahuna first asserts that under *United States v. Minore*, 292 F.3d 1109 (9th Cir.2002), he was not advised of his right to have a jury determine any drug quantity that would expose him to a higher statutory maximum. We hold that Kekahuna's rights under *Minore* and Rule 11 were not violated. At the court's direction, the government attorney explained the critical elements—including drug quantity—that the government would have to prove to the jury beyond a reasonable doubt.[1] Kekahuna indicated that he understood the elements and his right to a jury trial as to those elements. Accordingly, we hold that Kekahuna was adequately informed of his rights pursuant to *Minore* and Rule 11.

2. Kekahuna's plea was not involuntary or unknowing in light of *United States v. Thomas*.

Next, Kekahuna contends that though he admitted involvement with fifty or more grams of methamphetamine, under *United States v. Thomas*, 355 F.3d 1191 (9th Cir. 2004), he did not admit that specific drug quantity for sentencing purposes. Moreover, Kekahuna claims that it was error for the district court to accept his admission regarding drug quantity without expressly informing him that it would be used to increase his sentence. Kekahuna's claim overlooks the fact that the *Thomas* court recognized that a jury determination with respect to drug quantity "would have been relevant to sentencing, not to guilt." *Thomas*, 355 F.3d at 1198. We find that Kekahuna admitted personal involvement with fifty or more grams of methamphetamine, knowing that such an admission would be relevant to sentencing. The district court did not err under *Thomas* so as to render Kekahuna's plea unknowing, involuntary, or unintelligent.

---

1. In *United States v. Portillo–Cano,* 192 F.3d 1246 (9th Cir.1999), this court recognized that "[t]he prosecutor, instead of the judge, may explain the nature of the charges." *Id.* at 1251 n. 4.

3. The district court adequately informed Kekahuna that the government would have to prove personal involvement with more than fifty grams of methamphetamine beyond a reasonable doubt.

Kekahuna's next argument is that the district court failed to inform him of his right, recognized in *United States v. Becerra*, 992 F.2d 960 (9th Cir.1993), to a jury determination beyond a reasonable doubt on the amount of drugs either: (1) reasonably foreseeable to him or (2) falling within the scope of his own agreement with his co-conspirators. We find that at the change of plea hearing, the district court and the government advised Kekahuna of his right to a jury determination as to the quantity of drugs that he could reasonably foresee or that fell within the scope of his own agreement with his co-conspirators. Accordingly, we hold that Kekahuna has again failed to articulate a "fair and just reason" for withdrawing his guilty plea.

B. The Changing Sentencing Law Is Not an Adequate Basis For Withdrawing a Guilty Plea.

Kekahuna also alleges that the changing sentencing law constituted an "intervening circumstance" or "any other reason for withdrawing the plea that did not exist when" Kekahuna entered his plea, and thus, that the district court abused its discretion when it denied his motion to withdraw his guilty plea. A "change in the law does not make a plea involuntary and unknowing." *United States v. Cardenas*, 405 F.3d 1046, 1048 (9th Cir.2005). Nor should a district judge be held accountable for failing to "advise a defendant of rights established by *subsequent* judicial decisions or changes in the law." *United States v. Pacheco–Navarette*, 432 F.3d 967, 969 (9th Cir.2005).

For the foregoing reasons, we hold that the district court did not abuse its discretion when it denied Kekahuna's motion to withdraw his guilty plea.

II. Ineffective Assistance of Counsel

Kekahuna also claims that he received ineffective assistance of counsel from his counsel below. Claims of ineffective assistance of counsel are generally inappropriate on direct appeal; they should be raised in habeas corpus proceedings. *See United States v. McKenna*, 327 F.3d 830, 845 (9th Cir.2003). There are two exceptions to this rule: "(1) when the record on appeal is sufficiently developed to permit review and determination of the issue, or (2) when the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel." *Id.* We find that neither of these exceptions apply. Therefore, we decline to reach this issue on appeal. Kekahuna's ineffective assistance of counsel claim may be raised in collateral proceedings.

AFFIRMED